UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

GARY P. BOLTON,

        Plaintiff,

v.

                                        Case No. 23-10269
                                        District Court Judge Sean F. Cox
                                        Magistrate Judge Anthony P. Patti

PAGE AUTOMOTIVE, INC., a
Michigan corporation d/b/a PAGE HONDA
and PAGE HONDA OF BLOOMFIELD,

        Defendants.

_____/

**DEFENDANTS PAGE AUTOMOTIVE, INC. d/b/a PAGE HONDA AND
PAGE HONDA OF BLOOMFIELD'S ANSWER TO PLAINTIFF'S COMPLAINT**

      NOW COME Defendants, Page Automotive, Inc. d/b/a Page Honda and Page Honda

of Bloomfield, by and through their attorneys, Maddin Hauser Roth & Heller, P.C., and for

their answer to Plaintiff's Complaint state as follows:

***Jurisdiction and Parties***

      1.      This is an action for race discrimination and retaliation, in violation of 42 USC

1981, and Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.; wrongful discharge

in violation of public policy; and breach of contract arising out of plaintiff's employment

relationship with defendant.

1

**ANSWER:   Answering paragraph 1 of said Complaint, Defendants neither admit nor deny the theories pursuant to which Plaintiff brings this action.**

2.      Plaintiff Gary P. Bolton (hereafter "plaintiff" or "Bolton") is an individual residing in Howell, Michigan, within the Eastern District of Michigan.

**ANSWER:   Answering paragraph 2 of said Complaint, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to his strict proofs thereof.**

3.      Defendant Page Automotive, Inc., is a Michigan corporation, located in Southfield, Michigan, within the Eastern District of Michigan.

**ANSWER:   Answering paragraph 3 of said Complaint, Defendant admits only that it is a Michigan corporation doing business within the Eastern District of Michigan.**

4.      Defendant conducts business under the names "Page Honda" and "Page Honda of Bloomfield".

**ANSWER:   Answering paragraph 4 of said Complaint, Defendants admit the allegations contained therein.**

2

5.     The events giving rise to this cause of action occurred within the Eastern District of Michigan.

**ANSWER:  Answering paragraph 5 of said Complaint, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to his strict proofs thereof.**

6.     This Court has federal question jurisdiction over plaintiff's federal claim pursuant to 28 USC 1331 because this action arises under the laws of the United States.

**ANSWER:  Answering paragraph 6 of said Complaint, Defendants admit that this court has jurisdiction over this matter pursuant to the theories pled by Plaintiff.**

7.     This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC 1367(a).

**ANSWER:  Answering paragraph 7 of said Complaint, Defendants admit that this court has jurisdiction over this matter pursuant to the theories pled by Plaintiff.**

### *Background Facts*

8.     Defendant operates a car dealership in Southfield, Michigan.

**ANSWER:   Answering paragraph 8 of said Complaint, Defendants admit that they operate an automobile dealership within the jurisdiction of this Honorable Court.**

9.      Bob Page ("Page"), the owner and principal of defendant, hired Bolton on or about September 3, 2019 to serve as General Sales Manager / General Manager for its Bloomfield Hills dealership.

**ANSWER:   Answering paragraph 9 of said Complaint, Defendants admit that Plaintiff was hired for the referenced position on or about September 3, 2019.**

10.      In that role, Bolton was responsible for managing the day-to-day operations of the dealership, increasing sales volume, and supervising approximately 20 sales employees.

**ANSWER:   Answering paragraph 10 of said Complaint, Defendants deny the allegations contained therein in the manner and form alleged.   In further answer, Defendants state that Bolton had certain supervisory responsibilities during the period of his employment.**

11.      At all times, Bolton was a loyal and excellent employee.

**ANSWER**:   Answering paragraph 11 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

12.    Under Bolton's leadership, defendant's profits increased by roughly seven times what they had previously been.

**ANSWER**:  Answering paragraph 12 of said Complaint, Defendants admit that their profits increased during the time of Bolton's employment, but deny the remaining allegations contained therein for the reason that they are untrue.

13.    When defendant hired Bolton, Page and Bolton entered into an agreement in which defendant would pay Bolton an annual bonus of 5% of the dealership's end-of-year net profit.

**ANSWER**:   Answering paragraph 13 of said Complaint, Defendants state that the allegations contained therein constitute an incomplete recitation of the referenced agreement.

14.     In approximately April 2022, Page informed Bolton that Page's wife, Jue Vermeulen page ("Jue"), would be taking over operations of the dealership and that Bolton would begin reporting to her.

**ANSWER:**   **Answering paragraph 14 of said Complaint, Defendants deny the allegations contained therein in the manner and form alleged.**

15.     When Bolton started reporting to Jue, he noticed her engaging in several practices which were illegal and unethical.

**ANSWER:**   **Answering paragraph 15 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

16.     For instance, on several occasions Bolton observed Jue removing Monroney stickers from the windows of vehicles which were for sale to customers.

**ANSWER:**   **Answering paragraph 16 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

17.     Federal law requires that all dealerships display those stickers which contain important information for customers such as the Manufacturer's Suggested Retail Price ("MSRP"), and details on manufacturer's warranties.

**ANSWER:  Answering paragraph 17 of said Complaint, Defendants neither admit nor deny the allegations contained therein as Plaintiff simply states a proposition of law without any legal support.**

18.     Bolton told Jue that it was illegal to remove the Monroney stickers, but Jue ignored him.

**ANSWER:  Answering paragraph 18 of said Complaint, Defendants neither admit nor deny what Bolton may have said, but deny allegations of any illegal actions for the reason that they are untrue.**

19.     Bolton also observed Jue instructing sales associates to remove the Monroney stickers when negotiating with customers so that the customers could not see the suggested price for the vehicle they were purchasing.

**ANSWER:     Answering paragraph 19 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

7

20.     Bolton complained to Page that this was illegal and unethical but Page refused to remedy her actions, and instead laughed and told Bolton, "you have to give her credit for trying".

**ANSWER:  Answering paragraph 20 of said Complaint, Defendants admit that Bolton approached them with certain complaints, but deny the remaining allegations contained therein for the reason that they are untrue.**

21.     Bolton observed that many of defendant's customers were of Asian descent and had limited proficiency in the English language.

**ANSWER:  Answering paragraph 21 of said Complaint, Defendants neither admit nor deny the allegations contained therein and leave plaintiff to his strict proofs thereof.**

22.     Bolton noticed that Jue's deceptive marketing tactics primarily affected Asian and foreign-born customers.

**ANSWER:   Answering paragraph 22 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

23.     Bolton observed Jue charging Asian customers higher prices for the same vehicles than those sold to white, American-born customers.

**ANSWER:     Answering paragraph 23 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

24.     On several occasions, Bolton observed Jue making false statements to Asian customers concerning a vehicle's MSPR or warranties.

**ANSWER:     Answering paragraph 24 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

25.     As a result, Asian and foreign-born customers were discriminated against by Jue during the sales process.

**ANSWER:     Answering paragraph 25 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

26.     Plaintiff told Jue and Page that it was illegal to discriminate against customers based on their race or national origin.

**ANSWER**:  **Answering paragraph 26 of said Complaint, Defendants admit that Plaintiff made certain accusations, but deny any allegations of discrimination for the reason that they are untrue.**

27.     Plaintiff also told Jue and Page that he would not remove the Monroney stickers and would not charge customers different prices based on their race or national origin.

**ANSWER**:  **Answering paragraph 27 of said Complaint, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to his strict proofs thereof, but deny any allegations of illegal activities.**

28.     On or about November 2, 2022, defendant terminated Bolton.

**ANSWER**:  **Answering paragraph 28 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

## COUNT I

### *Race Discrimination / Retaliation in Violation of 42 USC 1981*

29.     Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER**:  Answering paragraph 29 of said Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 28 above and incorporate the same herein.

30.    At all material times, plaintiff Bolton was an employee and defendant was his employer, covered by and within the meaning of 42 USC 1981.

**ANSWER**:  Answering paragraph 30 of said Complaint, Defendants neither admit nor deny the allegations contained therein as they simply state a proposition of law and Defendants rely on the referenced statute.

31.    Defendant treated customers differently on the basis of their race and national origin.

**ANSWER**:    Answering paragraph 31 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

32.    Defendant retaliated against plaintiff when he complained of this discrimination and disparate treatment on behalf of Asian and foreign-born customers.

**ANSWER**:    Answering paragraph 32 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

33.     Plaintiff engaged in protected activity when he complained on behalf of Asian and foreign-born customers, and when he refused to engage in discriminatory practices.

**ANSWER:   Answering paragraph 33 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

34.     Defendant was predisposed to discriminate and retaliate against plaintiff due to his opposition to defendant's illegal actions and acted in accordance with that predisposition.

**ANSWER:   Answering paragraph 34 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

35.     The discriminatory and retaliatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of plaintiff.

**ANSWER:   Answering paragraph 35 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

36.     As a direct and proximate result of those actions, the terms, conditions and privileges of plaintiff's employment were adversely affected and he was terminated.

**ANSWER:** **Answering paragraph 36 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

37.     As a direct and proximate result of the defendant's wrongful and retaliatory treatment of plaintiff, plaintiff has suffered injuries and damages, including, but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish; humiliation and emotional distress, including anxiety and mental anguish; humiliation and embarrassment; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

**ANSWER:** **Answering paragraph 37 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

## COUNT II

### *Race / National Origin Retaliation*
### *Michigan's Elliott Larsen Civil Rights Act*

38.     Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER:  Answering paragraph 38 of said Complaint, Defendants repeat and reallege**

**their answers to paragraph 1 through 37 above and incorporate the same herein.**

39.     At relevant times, plaintiff was an employee and defendant was his employer

covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act (ELCRA),

MCL 37.2201.

**ANSWER:  Answering paragraph 39 of said Complaint, Defendants neither admit nor**

**deny the allegations contained therein as they simply state a proposition of law and**

**Defendants rely on the referenced statute.**

40.     Michigan's ELCRA prohibits discrimination and retaliation on the basis of race

and national origin.

**ANSWER:  Answering paragraph 40 of said Complaint, Defendants neither admit nor**

**deny the allegations contained therein as they simply state a proposition of law and**

**Defendants rely on the referenced statute.**

41.     Defendant's treatment and termination of plaintiff, as described above, was

based, at least in part, on plaintiff's opposition to defendant's illegal and discriminatory

practices.

**ANSWER:**   Answering paragraph 41 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

42.   Defendant was predisposed to discriminate and retaliate against plaintiff for opposing discrimination towards Asian and foreign-based customers.

**ANSWER:**   Answering paragraph 42 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

43.   The actions of defendant were deliberate and intentional, and engaged in with reckless indifference to the rights and sensibilities of plaintiff.

**ANSWER:**   Answering paragraph 43 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

44.   As a direct and proximate result of defendant's wrongful and discriminatory treatment of plaintiff, he has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

**ANSWER**:   Answering paragraph 44 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT III

### *Wrongful Discharge in Violation of Public Policy ("Public Policy Tort")*

45.   Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER**:  Answering paragraph 45 of said Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 44 above and incorporate the same herein.

46.   During his employment, plaintiff refused to violate the law, as directed by Vermeulen and Page.

**ANSWER**:  Answering paragraph 46 of said Complaint, Defendants neither admit nor deny what Plaintiff did or did not refuse to do, but expressly deny that they ever directed Plaintiff to violate any law.

47.   In particular, plaintiff objected to and refused directives with respect to discriminatory pricing and removal of the Monroney stickers.

**ANSWER**:  Answering paragraph 47 of said Complaint, Defendants neither admit nor deny what Plaintiff may have objected to, but expressly deny any allegations that they ever directed Plaintiff to violate any law.

48.     The laws implicated by these directives include, but are not limited to, The Automobile Information Disclosure Act of 1958, 15 USC 1231-1233.

**ANSWER:   Answering paragraph 48 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

49.     Defendant retaliated against plaintiff due, in part, to his refusal to violate the law.

**ANSWER:   Answering paragraph 49 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

50.     Defendant's treatment and termination of plaintiff as described above violates clearly established Michigan public policy which prohibits an employer from retaliating against an employee because he failed or refused to violate a law or rules and regulations of the United States during the course of his employment.

**ANSWER:   Answering paragraph 50 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

51.     As a direct and proximate result of defendant's wrongful and discriminatory treatment of plaintiff, he has suffered injuries and damages, including but not limited to, loss

of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

**ANSWER:** **Answering paragraph 51 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

## COUNT IV

### *Breach of Contract*

52.     Plaintiff incorporates the preceding paragraphs by reference.

**ANSWER:  Answering paragraph 52 of said Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 51 above and incorporate the same herein.**

53.     Plaintiff and defendant entered into a binding agreement which provided that defendant would pay plaintiff an annual bonus of 5% of the dealership's end-of-year net profit.

**ANSWER:** **Answering paragraph 53 of said Complaint, Defendants state that paragraph is an incomplete statement of the referenced agreement.**

54.     For the year 2020, plaintiff's bonus should have been approximately $5,000.

**ANSWER**:   Answering paragraph 54 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

55.    For the year 2021, plaintiff's bonus should have been approximately $25,000.

**ANSWER**:   Answering paragraph 55 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

56.    For the year 2022, plaintiff's bonus should have been approximately $70,000.

**ANSWER**:   Answering paragraph 56 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

57.    Plaintiff was able to and did perform his obligations under the agreement at all relevant times.

**ANSWER**:  Answering paragraph 57 of said Complaint, Defendants neither admit nor deny the allegations contained therein and leave Plaintiff to his strict proofs thereof.

58.    Defendant breached the agreement by not complying with its obligations and by failing and refusing to pay plaintiff the bonus compensation owed to him.

**ANSWER**:   Answering paragraph 58 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.

59.      Alternatively, defendant is liable under the doctrine of *quantum meruit*, as defendant reaped an unfair benefit by failing to pay plaintiff the bonus he was owed, and inequity and injustice will result if defendant retains the benefit of plaintiff's work without compensating plaintiff for his efforts.

**ANSWER**:      **Answering paragraph 59 of said Complaint, Defendants deny the allegations contained therein for the reason that they are untrue.**

### RELIEF REQUESTED

WHEREFORE, Defendants Page Automotive, Inc. d/b/a Page Honda and Page Honda of Bloomfield respectfully request that this Honorable Court enter an Order dismissing Plaintiff's allegations against them in their entirety with prejudice and grant to these Defendants all other relief this court deems just and equitable.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

By:     */s/ Richard M. Mitchell*
          Richard M. Mitchell (P45257)
          28400 Northwestern Hwy., 2nd Floor
          Southfield, MI  48034
          (248) 827-1875 / (248) 359-6175 fax
          rmitchell@maddinhauser.com
          Attorneys for Defendants

DATED:  March 23, 2023

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, Page Automotive, Inc. d/b/a Page Honda and Page Honda of Bloomfield, by and through their attorneys, Maddin Hauser Roth & Heller, P.C., and for their Affirmative Defenses state as follows:

1. Plaintiff's Complaint is barred by the applicable statute of limitations.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff has failed to exhaust his administrative remedies.

4. Plaintiff lacks standing to bring this action.

5. Defendants did not retaliate in any way with respect to the allegations contained in Plaintiff's Complaint.

6. All decisions of Defendants in this matter were made for legitimate business reasons.

7. No decisions made by Defendants relating to the allegations contained in Plaintiff's Complaint were pretextual.

8. Defendants did not breach any contract between themselves and Plaintiff.

9. Defendants reserve the right to add to and amend these affirmative defenses as necessitated by further discovery.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

By:     */s/ Richard M. Mitchell*
      Richard M. Mitchell (P45257)
      Cody J. Corbin (P82993)
      28400 Northwestern Hwy., 2nd Floor
      Southfield, MI  48034
      (248) 827-1875 / (248) 359-6175 fax
      rmitchell@maddinhauser.com
      ccobrin@maddinhauser.com
      Attorneys for Defendants

DATED:  March 23, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2023 I electronically filed Defendants Page Automotive, Inc. d/b/a Page Honda and Page Honda of Bloomfield's Answer to Plaintiff's Complaint, Affirmative Defenses and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

By:     */s/ Richard M. Mitchell*
      Richard M. Mitchell (P45257)
      Cody J. Corbin (P82993)
      28400 Northwestern Hwy., 2nd Floor
      Southfield, MI  48034
      (248) 827-1875 / (248) 359-6175 fax
      rmitchell@maddinhauser.com
      ccobrin@maddinhauser.com
      Attorneys for Defendants